**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Christian Theron Stone,<br><br>         *Plaintiff,*<br><br>    v.<br><br>Verizon Communications, Inc., Verizon Wireless, and the American Arbitration Association,<br><br>         *Defendants.* | **C.A. NO.**<br><br>**NOTICE OF REMOVAL BY DEFENDANT VERIZON WIRELESS SERVICES, LLC *DBA* VERIZON WIRELESS PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 – DIVERSITY** |

Defendant Verizon Wireless Services, LLC *dba* Verizon Wireless (*erroneously sued as* "Verizon Communications, Inc." and "Verizon Wireless") ("Verizon"), by and through its counsel of record, hereby removes the action described below from the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit, County of Greenville ("State Court") to the United States District Court for the District of South Carolina, Greenville Division, pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code ("U.S.C.").  As described below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Verizon has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  In support of this Notice of Removal, Verizon states as follows:

I.  **BACKGROUND AND STATE COURT PROCEEDINGS**

  1.  On or about May 8, 2026, Plaintiff Christian Theron Stone ("Plaintiff") filed a

Complaint in the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit, County of Greenville, entitled *Christian Theron Stone v. Verizon Communications Inc., et al.* under Case Number 26-CP-23-03167 ("State Court Action") against Verizon and the American Arbitration Association ("AAA").

2.    In his Complaint and Motion for Terminal Sanctions ("Complaint"), Plaintiff alleges, *inter alia*, that Verizon and the AAA engaged in discovery misconduct during Plaintiff's currently pending AAA arbitration against Verizon. Complaint ("Cmplt."), p. 1. Specifically, Plaintiff alleges that Verizon and the AAA are colluding to sabotage his arbitration case. *Id.*, p. 2. Plaintiff also seeks to re-litigate the same substantive claims being adjudicated in his AAA arbitration, including his claim that Verizon failed to properly credit his account for a phone trade-in. *Id.*, pp. 1-2.

3.    Based on these allegations, Plaintiff purports to assert several causes of action against Verizon and the AAA for (1) conversion, (2) a "federal gift violation" under 39 U.S.C. § 3009, (3) extortion, (4) tortious business sabotage, (5) contempt, (6) spoliation, and (7) unfair trade practices under S.C. Code § 39-5-140.[1]  *Id.*

4.    Plaintiff demands total damages of $115,500. *Id.* at p. 2.

5.    The Summons and Complaint, as well as all other documents served on Verizon in the State Court Action, are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §

---

[1] Although Plaintiff purports to bring one of his claims under federal law – 39 U.S.C. § 3009 – this statute provides no private right of action. *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 308 (3d Cir. 2007).

2

1332(a) because: (1) the action is between citizens of different states; and (2) the amount in controversy exceeds $75,000.

7.     Both criteria are met because there is complete diversity of citizenship, and the stated amount in controversy is $115,500.

A.     **There Is Complete Diversity of Citizenship**

8.     "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, (1996)).

9.     For purposes of diversity jurisdiction, an individual is deemed to be a citizen of the state in which he is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). A corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]he citizenship of a limited liability company is determined by the citizenship of all of its members." *Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)).

10.     Plaintiff, an individual, resides at 14 Freeman Dr., Taylors, South Carolina. Ex. A (Complaint), p. 2. On information and belief, Plaintiff is a U.S. citizen who is domiciled in South Carolina.

11.     Defendant AAA is a non-profit corporation, which is incorporated and headquartered in New York. *See* **Exhibit B**.

12.     Verizon Wireless Services, LLC is a Delaware limited liability company with its principal place of business in New Jersey. All of its members are citizens of New York.

3

13.     Specifically, Verizon Wireless Services, LLC is fully owned by Cellco Partnership dba Verizon Wireless ("Cellco Partnership").  Cellco Partnership, in turn, has three partners: (1) GTE Wireless LLC, (2) Verizon Americas LLC, and (3) Bell Atlantic Mobile Systems LLC.

14.     GTE Wireless, LLC is a Delaware limited liability company whose sole member is Verizon Communications Inc.

15.     Verizon Americas LLC, a Delaware limited liability company whose sole member is Verizon Communications Inc.

16.     Bell Atlantic Mobile Systems LLC, is a Delaware limited liability company, whose sole member is MCI Communications Services LLC.  MCI Communications Services LLC is a Delaware limited liability company whose sole member is MCI International LLC.  MCI International LLC is a Delaware limited liability company whose sole member is Verizon Business Network Services LLC.  Verizon Business Network Services LLC is a Delaware limited liability company whose sole member is Verizon Business Global LLC.  Verizon Business Global LLC is a Delaware limited liability company whose sole member is Verizon Communications Inc.

17.     Verizon Communications Inc. is a Delaware corporation with its headquarters in New York.  Accordingly, there is complete diversity of citizenship between Plaintiff (South Carolina), on the one hand, and Defendants AAA (New York) and Verizon (Delaware and New York), on the other hand.

**B.     The Amount in Controversy is $115,500**

18.     "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is

4

required ... only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

19.     To determine the amount in controversy, a district court "should consider any special or punitive damages, such as treble damages" that are available to a plaintiff under applicable law.  *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001).

20.     In the Complaint, Plaintiff seeks total damages of $115,500.  Accordingly, the amount in controversy exceeds $75,000.

### III.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.     On June 1, 2026, Verizon was served with the Complaint in the State Court Action.  This Notice of Removal is timely filed within thirty days of service of the Complaint on Verizon and less than one year after commencement of the action.  *See* 28 U.S.C. § 1446(b).

22.     The State Court is located within the United States District Court for the District of South Carolina, Greeneville Division.  *See* 28 U.S.C. § 121(1).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23.     On information and belief, the AAA has not been served with the Summons and Complaint in the State Court Action and the state court docket does not show a proof of service on AAA.  Thus, the AAA's consent is not required for removal.  *See* 28 U.S.C. § 1446(b)(2).

24.     In compliance with 28 U.S.C. § 1446(d), Verizon will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

25. Further, **Exhibit A** constitutes all process, pleadings, and orders served on Verizon. *See* 28 U.S.C. § 1446(a).

26. No previous application has been made for the requested relief.

27. Nothing contained in this Notice shall be construed as a waiver of any defense or claim, or an admission of any allegation in the Complaint, and Verizon expressly reserves its right to compel contractual arbitration.

WHEREFORE, Verizon respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

CLEMENT RIVERS, LLP

By: *s/Duke R. Highfield*
Duke R. Highfield, Federal ID 5654
25 Calhoun Street, Suite 400
Charleston, SC  29401
(843) 720-5456
dhighfield@ycrlaw.com
Attorneys for Defendant
Verizon Wireless Services, LLC
dba Verizon Wireless,
(*erroneously sued as*
"Verizon Communications, Inc."
and "Verizon Wireless")

Charleston, South Carolina

July 1, 2026